STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-05-081
GAL—R. 11o|0lo

KEVIN W. YETMAN, et al.,

Plaintiffs

v.                                              **ORDER**

STONERIDGE FARMS, INC., et al.,

Defendants

## Before the Court

Before the court is defendants Stoneridge Farms, Inc. and Frederick and Laura Stone's ("Defendants") motion to dismiss plaintiffs Kevin and Donna Yetman and Steve and Lori Pelletier's ("Plaintiffs") complaint for declaratory and injunctive relief. Following review, the Motion is Denied.

## Background

On June 30, 2005, Plaintiffs filed a verified complaint requesting the court to declare that Plaintiffs have an easement over a discontinued road in the town of Arundel, known as "Curtis Road," and enjoining Defendants from obstructing their use of this road. Plaintiffs attached eight exhibits to their complaint, labeled A-H and incorporated by reference into the complaint. Exhibit A is a copy of the Yetmans' deed to property abutting Curtis Road; Exhibit B is a copy of the Pelletiers' deed to property abutting Curtis Road; Exhibit C is a copy of Stoneridge Farms, Inc.'s deed to some property in the same vicinity as Plaintiffs' property; Exhibit D is a copy of Stoneridge Farms, Inc.'s deed to some other property in this same vicinity; Exhibit E is a copy of the

Town of Arundel Annual Town Meeting Warrant and Minutes of March 1, 1954, stating in relevant part, "Voted to close the Curtis Road... leading from Downing Road to former Taylor Place now owned by Arthur Jones"; Exhibit F is a copy of the Town of Arundel Special Town Meeting Warrant and Minutes of July 18, 1978, stating in relevant part, "voted to close the road from Mearle Stones to the Old Taylor Farm (so called)"; Exhibit G is a copy of a Notice to Plaintiffs, dated June 4, 2005 from Stoneridge Investors Group, whose members appear to be Sol Fedder, Clifton E. Temm, II, D.V.M. and Fred Stone, and stating that, as of July 1, 2005, Plaintiffs would be prohibited from accessing their properties via "Stoneridge Farm property" and stating that "Fred and Laura Stone are the 'owners' of what was called the 'Curtis Road,' that crosses Stoneridge Farms"; Exhibit H is a copy of an easement deed from Frederick and Laura Stone to Plaintiffs granting Plaintiffs a right of way over Curtis Road "only to the extent each Grantee has, and continues to have, an independent right to pass over this particular portion of the existing Curtis Road."

Plaintiffs claim an easement over the portion of Curtis Road that provides access to their properties. One ground for the claimed easement is the easement deed attached to their complaint at Exhibit H. Plaintiffs claim, as well, however, that the portion of the road providing access to their properties was discontinued by the Town of Arundel as a public road in 1978, and that, pursuant to 23 M.R.S.A. § 3026, enacted by the Maine Legislature in 1976, the public has an easement over this portion of the road because the town did not explicitly revoke the public easement in its 1978 discontinuance.

On July 1, 2005, the court granted Plaintiffs a temporary restraining order ("TRO"), enjoining Defendants from obstructing Plaintiffs and their invitees from accessing Curtis Road, and ordering Defendants to remove any existing obstacles on

2

Curtis Road. Defendants' motion to dissolve the TRO was denied on July 13, 2005, and their appeal of this order to the Law Court was dismissed on September 1, 2005.

Defendants now move to dismiss Plaintiffs complaint on two grounds, (1) under M.R.Civ.P. 12(b)(6), the complaint fails to state a claim for which relief may be granted and (2) under M.R.Civ.P. 12(b)(7), Plaintiffs have failed to join Sol Fedder and Clifton E. Temm, II, D.V.M., who are indispensable parties to this action.

## Discussion

### I. Failure to State a Claim for which Relief May Be Granted

When a court decides a motion to dismiss made pursuant to M.R. Civ. P. 12(b)(6), the material allegations of the complaint must be taken as admitted. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7; 843 A.2d 43, 47. A dismissal should only occur when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim. *Id.*

An examination of Plaintiffs' claim, including the exhibits incorporated therein by reference, yields the conclusion that they have stated a claim for which relief may be granted. The documents submitted by Plaintiffs do not conclusively establish that Curtis Road was completely discontinued in 1954, as Defendants contend. Rather, they seem to show that some portion of the road was discontinued in 1954, and that yet another portion of the road was discontinued in 1978. Nothing in the Plaintiffs' complaint compels the conclusion that the easement claimed by Plaintiffs over some portion of Curtis Road is not the portion that may have been discontinued in 1978, and thus subject to the provisions of 23 M.R.S.A. § 3026. Moreover, it is possible, depending on the facts developed as to the Town's 1978 vote, that the public may have retained an easement over the portion of Curtis Road discontinued at that time. Accordingly,

3

Plaintiffs have stated a claim for which relief may be granted, and Defendants' motion to dismiss on this ground is denied.

## II.     Failure to Join Indispensable Parties

In addition to their claim that Plaintiffs' claim should be dismissed for failure to join Sol Fedder and Clifton E. Temm, II, D.V.M., Defendants claim that Fred and Laura Stone are not proper defendants in this action because Stoneridge Farms, Inc. is the owner of the property in question, and not them. The court agrees with Plaintiffs, however, that Fred and Laura Stone are proper parties to this action because Plaintiffs' complaint alleges at ¶ 11, "Defendant Stoneridge and/or Defendant Stone has partially blocked the Curtis Road right-of-way with farm equipment and has undertaken to dump manure in the road to make it as impassable as possible." Part of the relief prayed for against Defendants is against the Stones in their personal capacity, to enjoin them from engaging in such practices. Accordingly, they are properly named as defendants in this action.

Turning to Defendants' argument that Sol Fedder and Clifton E. Temm, II, D.V.M. must be joined in this action: Plaintiffs are seeking a determination of their property rights that will affect all owners of the right of way. Accordingly, all owners of the property at issue must be joined in the action. It appears to the Court that, if Sol Fedder and Clifton E. Temm, II, D.V.M., had not previously been joined by Plaintiffs in this action, it is perhaps because Plaintiffs had no official notice of their ownership interest in the subject property. In their reply, Defendants attach copies of two deeds, both dated June 9, 2005, conveying "a twenty percent interest of that portion of the property known and described as the discontinued CURTIS ROAD, which exists on, and is included in the Stoneridge Farm Property" each to Sol Fedder ("Exhibit 1") and Clifton E. Temm, II, D.V.M., ("Exhibit 2.") These Exhibits contain no evidence that the

4

grants of property described therein were recorded in the York County Registry of Deeds, nor do Defendants claim that they were. If these interests are not properly recorded, then Plaintiffs have no notice of their ownership interest and, correspondingly, no obligation to join Sol Fedder and Clifton E. Temm, II, D.V.M. in the action. Should it become apparent that these interests are properly recorded, Plaintiffs will have sixty days from the date of this order, or from the date of recordation, whichever occurs later, to join Sol Fedder and Clifton E. Temm, II, D.V.M. as defendants in this action.

Defendants' motion to dismiss is DENIED.

The clerk may incorporate this order in the docket by reference.

Dated:       January 10, 2006

Thomas Danylik, Esq. -  PLS
Michael J. O'Toole, Esq. - PLS
Stoneridge Farms, Inc., Laura Stone
and Frederick Stone - DEFS (pro se)

G. Arthur Brennan
Justice, Superior Court

5